IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS RUFUS NOCK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | NO.  16-2579 |

MEMORANDUM

**DAVIS, J.**                                                                                                                              **MAY 31, 2016**

Plaintiff Thomas Rufus Nock brings this action against the United States of America seeking damages for an allegedly wrongful conviction.  He seeks leave to proceed *in forma pauperis*.  The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint with prejudice.

According to the complaint and the public docket for plaintiff's federal criminal proceeding, plaintiff pled guilty in 1993 to violating federal drug laws.  *See United States v. Nock*, Crim. A. No. 92-666-1 (E.D. Pa.).  Plaintiff now alleges that he was wrongfully convicted because he was entrapped.  He seeks ten million dollars "for loss of career, loss of self-esteem loss of a comfortable retirement long periods of unemployment because of his conviction he was unemployable."

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the complaint if it is frivolous.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  As plaintiff is proceeding *pro se*,

the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

The Court construes the complaint as raising claims for damages against the federal government pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), based on a violation of plaintiff's constitutional rights stemming from his alleged wrongful conviction. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Although *Bivens* creates a damages remedy for certain constitutional violations committed by officials acting under federal law, it does not support a cause of action against the federal government itself or federal agencies. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001) (explaining that *Bivens* "is concerned solely with deterring the unconstitutional acts of individual officers"); *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (per curiam) ("*Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver"). As the United States has not waived immunity for constitutional claims such as those raised by plaintiff, there is no legal basis for his complaint.[1]

---

[1] On the second page of his complaint, plaintiff identifies "U.S. Prosecutor" and "DEA" as additional defendants even though he did not name those defendants in the caption as required by Federal Rule of Civil Procedure 10. Even construing the complaint as raising claims against "U.S. Prosecutor" and "DEA," plaintiff's claims fail for several reasons: (1) *Bivens* does not provide a remedy for constitutional claims against agencies of the federal government, *see F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994); (2) prosecutors are entitled to absolute immunity from *Bivens* claims based on acts taken in their prosecution of a case on behalf of the government, *see Imbler v. Pactman*, 424 U.S. 409, 430 (1976); *Humphries v. Houghton*, 442 F. App'x 626, 628-29 (3d Cir. 2011) (per curiam); and (3) a plaintiff seeking damages based on constitutional violations stemming from a wrongful conviction must first establish that the conviction was reversed, vacated, or otherwise called into question, which has not occurred here, *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.